UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20451-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLIEVE WILFRED LUNCEFORD LAKE, JR,

    Defendant.
_____/

### ORDER ON RULE 404(B) EVIDENCE AND MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon the Government's Notice of Intent to Use FRE 404(b) Evidence and Motion *in Limine* ("Motion"), ECF No. [42]. Defendant Clieve Wilfred Lunceford Lake Jr., ("Defendant"), filed a Response in Opposition ("Response"), ECF No. [54], to which the Government filed a Reply ("Reply"), ECF No. [61]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

On October 8, 2024, Defendant was charged by indictment with Hobbs Act Robbery, Brandishing a Firearm During and in Relation to a Crime of Violence, and Possession of a Firearm and Ammunition by a Convicted Felon. ECF No. [3]. The charges arise from the alleged armed robbery at a Family Dollar in North Miami. *See* ECF No. [42]. The Government asserts that a Family Dollar employee took a photograph capturing the license plate and vehicle seen driving away from the scene. *Id.* at 2. A few hours later, law enforcement saw the same vehicle less than a mile away from the Family Dollar, pulling into an alleyway. *Id.* at 3. Defendant exited out of the front passenger's side. *Id.* Law enforcement recovered a firearm from the vehicle. *Id.* at 4.

The Government seeks to introduce (1) evidence that the vehicle seen leaving the Family Dollar, which was the vehicle Defendant was found when arrested, had been reported stolen a few days earlier, and belonged to a couple, G.M. and M.M, that do not own firearms; (2) Defendant's 2015 conviction for possession of a firearm; and (3) testimony from T.P., who was in the vehicle with Defendant at the time of his arrest, that Defendant frequently carries firearms. ECF No. [42]. The Government also moves to exclude any argument or evidence concerning jury nullification topics about Defendant's age, housing situation, justification for the armed robbery, or sentencing penalties. *Id.*

Defendant objects and requests that the Court exclude the proffered evidence, arguing that the evidence has no relevance to the charged conduct, is not inextricably intertwined to the charged offense, and has no legitimate purpose under Federal Rule of Evidence 404(b). ECF No. [54]. Defendant asserts the proffered evidence is classic propensity evidence. *Id.* The Government replies that the evidence regarding the vehicle is intrinsic evidence and should be admitted, Defendant's prior conviction is proper Rule 404(b) evidence, and T.P.'s statements are inextricably intertwined. ECF No. [61].

## II.   LEGAL STANDARD

### A.  Federal Rule of Evidence 404(b)

Federal Rule of Evidence 404(b)(1) prohibits the introduction of evidence of another "crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If the Government seeks to introduce 404(b) evidence in a criminal case, the prosecutor must:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> (C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).

To be admissible, Rule 404(b) evidence (1) "must be relevant to an issue other than the defendant's character," (2) "there must be sufficient proof" to allow a jury to find that the defendant committed the extrinsic act, and (3) the evidence "must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992). "Rule 404(b) is a 'rule of inclusion,' and Rule 404(b) evidence 'should not lightly be excluded when it is central to the prosecution's case.'" *United States v. Harding*, 104 F.4th 1291, 1300 (11th Cir. 2024) (quoting *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (citation and internal quotation marks omitted), *abrogated in part on other grounds by Rehaif v. United States*, 588 U.S. 225 (2019)). "[T]he standard for evaluating the admissibility of a subsequent bad act under Rule 404(b) is identical to that for determining whether a prior bad act should be admitted under this rule." *United States v. Michel*, 832 F. App'x 631, 635 (11th Cir. 2020) (citing *United States v. Jernigan*, 341 F.3d 1273, 1283 (11th Cir. 2003)).

### B. Motion *in Limine*

A motion *in limine* asks the Court "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is

3

inadmissible on any relevant ground." *Id*. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (internal citation omitted). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)).

"Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013); Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 'is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility.'" *Patrick*, 513 F. App'x at 886 (quoting *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)); *see United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect[.]" *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (quoting *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991)).

### III.  DISCUSSION

#### A.  Evidence Regarding Vehicle Ownership

The Government seeks to introduce, through the testimony of G.M., M.M., and law enforcement, evidence related to the ownership of the vehicle Defendant used in commission of the charged offense. ECF No. [42] at 7. The Government contends that the evidence is admissible as intrinsic evidence, or under Rule 404(b). *Id.* As to its first argument, the Government contends that the proffered evidence provides context to law enforcement's investigation and is necessary to complete the story of the crime for the jury. *Id.* at 8. Defendant responds that this case is hardly a complex factual story and requires no additional context. ECF No. [54] at 4.

"[I]ntrinsic evidence is admissible if it is '(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.'" *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (quoting *United States v. Eduoard*, 485 F.3d 1324, 1344 (11th Cir. 2007)). Specifically, "[e]vidence . . . pertaining to the chain of events explaining the context . . . of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *Id.*; *see also United States v. Wildeman*, 749 F. App'x 788, 791 (11th Cir. 2018) ("[E]vidence that pertains to 'the chain of events explaining the context, motive and set-up of the crime' is admissible if it is 'linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.'" (quoting *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998))).

Here, the Government represents that this evidence will show that the vehicle was stolen a few days prior to the charged offense and belongs to a couple who does not own any firearms.

ECF No. [42] at 7. The Government asserts that on the day of the alleged incident, a Family Dollar employee photographed a white Dodge Charger driving away from the Family Dollar. *Id.* Law enforcement investigated who owned the vehicle, and upon that search, learned that the vehicle belonged to G.M. and M.M, and had been reported stolen five days earlier from an apartment complex two blocks away from the Family Dollar. *Id.* This expanded law enforcement's search beyond the registered owner of the vehicle. *Id.* Thus, the Government states that evidence regarding G.M. and M.M.'s ownership of the vehicle is "linked in time and circumstances" with the charged offense and is "necessary to complete the story of the crime for the jury." *McLean*, 138 F.3d at 1403 (citation omitted). The Government further argues that the evidence is probative of Defendant's consciousness of guilt as "the use of a stolen car during an armed robbery helped conceal [] Defendant's identity from law enforcement." ECF No. [42] at 8. Defendant responds that the evidence is not necessary to complete the story, and that there is no evidence that Defendant knew the vehicle was stolen or stole it himself. ECF No. [54] at 4.

The Court finds that G.M. and M.M's ownership of the vehicle provides context to law enforcement's search and is inextricably intertwined with the charged offense. This evidence is vital to understanding the steps law enforcement took in locating the vehicle, as it was hours later that Defendant was arrested in the same white Dodge Charger. *See* ECF No. [42] at 7-8. Further, the evidence of G.M. and M.M's ownership is inextricably intertwined with the chain of events. Indeed, G.M. and M.M's ownership of the vehicle, and statement that they do not own any firearms, is highly probative and informs the jury that Defendant was in a vehicle not registered to him, and in which law enforcement recovered a firearm that did not belong to G.M. and M.M. The robbery of G.M. and M.M's vehicle is close in proximity to the charged offense, because the vehicle was reported stolen five days prior. Thus, the Court denies Defendant's request to exclude

evidence regarding the vehicle used, G.M. and M.M.'s ownership of the vehicle, and that their vehicle would not have had firearms in it.

### B. Defendant's Past Felon in Possession Conviction

The Government seeks to introduce evidence under Rule 404(b) of Defendant's 2015 felon-in-possession conviction, arguing that it is relevant to prove Defendant's knowing possession of the firearm here, and the absence of mistake or accident. ECF No. [42] at 10. Defendant responds that the prior conviction has no relevance to any issue and will invite the jury to conclude that Defendant must be guilty because he has committed a gun offense previously. ECF No. [54] at 5-6.

As to the first prong, the Government asserts that Defendant placed his knowing possession of a firearm at issue by pleading not guilty to the felon-in-possession charge, and thus, evidence tending to show Defendant's knowing possession is relevant. ECF No. [42] at 10. Defendant contends that knowledge is not at issue, nor does it bear any relevance in this case. ECF No. [54] at 6. However, the Government is correct that "[a] defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent." *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998). The Eleventh Circuit has recognized that "[e]vidence that [a defendant] knowingly possessed a firearm in the past is probative of knowledge to possess it in the present." *United States v. Pierre-Louis*, 860 F. App'x 625, 634 (11th Cir. 2021); *see, e.g.*, *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007) ("[W]here the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied." (citing *United States v. Dorsey*, 819 F.2d 1055,

1059 (11th Cir. 1987))). Thus, Defendant's prior conviction is relevant as to Defendant's knowledge.[1]

Next, in considering the third prong, the Court must engage in a "common sense assessment of all the circumstances surrounding the extrinsic evidence, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Pierre-Louis*, 860 F. App'x at 634 (quoting *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003)). The Government contends that the probative value is not substantially outweighed by any unfair prejudice because the prior conviction is highly probative to Defendant's knowing possession and the conviction demonstrates that Defendant's possession of the firearm was not an accident or mistake. ECF No. [42] at 11. Defendant argues that the prior conviction is a prime example of propensity evidence and will lead the jury to believe "because [Defendant] previously committed a felon in possession, he is more likely to have done it again." ECF No. [54] at 6 (citing *United States v. Mills*, 138 F.3d 928, 935-36 (11th Cir. 1998), *opinion modified on reh'g*, 152 F.3d 1324 (11th Cir. 1998)).

However, as recognized above, "[e]vidence that [the defendant] knowingly possessed a firearm in the past is probative of knowledge to possess it in the present." *Pierre-Louis*, 860 F. App'x at 634. In *Pierre-Louis*, the Eleventh Circuit further emphasized that similarities between a past crime and the charged one make the past crime "highly probative with regard to the defendant's intent in the charged offense." *Id.* at 634-35 (quoting *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005)); *see United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir.1995) ("[W]]hen other crimes evidence goes to intent rather than identity, a lesser degree of

---

[1] Defendant does not address whether the second prong is satisfied. Nevertheless, the Court finds that "[t]he prior conviction [is] sufficient proof for the jury to find that [Defendant] committed that act." *Pierre-Louis*, 860 F. App'x at 634; *see United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) (same).

similarity between the charged crime and the uncharged crime is required."). Here, both Defendant's 2015 conviction and the current charge involve the knowing possession of a firearm. Therefore, Defendant's past conviction is probative of his intent in the charged offense. *See Pierre-Louis*, 860 F. App'x at 634-35.

Further, the Government asserts that the 2015 conviction is within the temporal bounds of relevance. ECF No. [42] at 11-12. Defendant argues, relying on *United States v. Perrier*, 619 F. App'x 792, 797 (11th Cir. 2015), that any probative value of the prior conviction is diminished because of the ten-year gap between the 2015 conviction and the instant offense. ECF No. [54] at 9. While Defendant is correct that "temporal remoteness depreciates the probity of the extrinsic offense," *United States v. Beechum*, 582 F.2d 898, 915 (5th Cir. 1978),[2] there is no "bright-line rule for when a conviction is too old to be admissible because the determination is very fact specific." *Perrier*, 619 F. App'x at 797. In *Perrier*, the case that Defendant relies upon, the Eleventh Circuit addressed a twenty-two-year-old conviction, which the court concluded was "substantially diminished by the passage of time." *Id.* The court's conclusion, however, was bolstered by the fact that the defendant "appear[ed] to have been 20 years old at the time of the prior conviction, which further reduce[d] the probative value of the extrinsic offense." *Id.* Here, the prior conviction is ten years old, which courts have previously found to be within the temporal bounds of relevance. *See, e.g.*, *United States v. St-Turbain*, 762 F. App'x 933, 935-36 (11th Cir. 2019) (ten-year-old conviction was not too temporally remote). Thus, the Court concludes that the third prong is met.

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

9

To address any perceived prejudice, though, the Government proffers that it is limiting its introduction of the evidence to the mere fact of the conviction, and not the circumstances surrounding the conviction. ECF No. [42] at 11. The Court will also provide a limiting instruction to the jury should the need arise. *See United States v. South*, 295 F. App'x 959, 969 (11th Cir. 2008) ("The risk of undue prejudice can be reduced by a district court's limiting instruction, and this court will presume the jury follow[s] the court's instructions."). Accordingly, the Government may introduce evidence of Defendant's 2015 conviction.

### C. T.P.'s Statements that Defendant Frequently Carries Firearms

The Government seeks to introduce T.P.'s statement to law enforcement that, while she did not see a firearm on Defendant on the day of the offense, Defendant frequently carries firearms. The Government asserts these statements are intrinsic evidence as to Defendant's knowing possession, and shows why, upon a search of the car, there was a firearm in the vehicle that Defendant had just exited from. ECF No. [42] at 12. The Government further contends that these statements are direct evidence under Rule 404(b) as to Defendant's knowing possession of the firearm in this case. ECF No. [42] at 12. Defendant responds that "the prejudicial nature of the evidence is astronomical," because without more, "the Court cannot be sure what the circumstances of the prior possession was, including when the possession occurred or whether the item in question was actually a firearm." ECF No. [53] at 10.

At the outset, the Court rejects the Government's first argument that T.P.'s statements should be admitted as intrinsic evidence because the Government does not set forth how T.P.'s statements "form[] an integral and natural part of" an account of the charged offense, *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007), or that it is "vital to an understanding of the context of the government's case," *United States v. McLean*, 138 F.3d 1398, 1404 (11th Cir. 1998).

Next, the Court agrees with Defendant that the prejudicial nature of the evidence outweighs any probative value. As mentioned, the Court must engage in a "common sense assessment of all the circumstances surrounding the extrinsic evidence, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Pierre-Louis*, 860 F. App'x at 634 (quoting *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003)). However, as highlighted by Defendant, the record is devoid of any information to support this analysis. Without more, the Court cannot assess the circumstances or frequency that T.P. observed Defendant with a firearm or the nature of the other firearms she may have observed. Such information is crucial to determine the potential prejudice to Defendant, because as courts have consistently recognized, "prior crime evidence has significant potential for prejudicial effect, and therefore should not be employed unless really necessary." *United States v. Baldarrama*, 566 F.2d 560, 568 (5th Cir. 1978).

While it is true that "[r]ule 404(b) is a 'rule of inclusion,' and so '404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case,'" *United States v. Clay*, 700 F. App'x 898, 902 (11th Cir. 2017) (quoting *Jernigan*, 341 F.3d at 1280), it is equally true that "if the government can do without such evidence, fairness dictates that it should," *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir. 1991). The Court finds that the potential prejudice to Defendant outweighs the prosecutorial need for this evidence. Accordingly, the Government may not introduce evidence of T.P.'s statements that Defendant frequently carries firearms.

### D. Jury Nullification Topics

The Government seeks to exclude any line of argument regarding jury nullification topics, including, Defendant's age, housing situation, supposed justification for the armed robbery, and sentencing penalties. ECF No. [42] at 13. Defendant does not respond to the Motion on this issue,

11

and thus, the Court considers the argument unopposed. *Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (internal quotations and citation omitted). Accordingly, the Government's Motion is granted.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Government's Motion *in Limine*, **ECF No. [42]**, is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 23, 2025.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

cc:     counsel of record